NOT FOR PUBLICATION                                  (06-5254 Docket No. 3)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| MARIA E. GONZALEZ, : | |
| Plaintiff, : | Civil No. 06-5254 (RBK) |
| : | 06-5272 (RBK) |
| v. : | **Opinion** |
| : | |
| NEW JERSEY NATIONAL GUARD AND : DENNIS DEVERY : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

Before the Court is a motion by Plaintiff Maria E. Gonzalez to remand this action to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c). Also before the Court are motions by Defendants Dennis Devery and the New Jersey National Guard to consolidate the two pending cases. For the reasons provided below, Plaintiff's motion will be denied. Defendants' motion to consolidate will be granted.

## I. Background

Plaintiff Maria E. Gonzalez ("Gonzalez") or ("Plaintiff"), a former recruiter for the New Jersey National Guard ("Guard"), initially filed a complaint alleging sexual harassment against the Guard on December 13, 2000. Gonzalez settled this claim against the Guard in November 2002. After she settled the

initial complaint, Gonzalez alleges the Guard, and her supervisor, Dennis Devery ("Devery"), subjected Gonzalez to various forms of retaliation as a result of her complaint and subsequent settlement. Gonzalez alleges that the retaliation was ongoing, and included an involuntary transfer in late 2003 that resulted in a change of duties, pay and location. Gonzalez further alleges that the Guard transferred her involuntarily a second time into a position that was strictly administrative in nature. Gonzalez alleges that Devery treated her in a hostile manner which was different from the way Devery treated her peers. Finally, Gonzalez alleges the Guard terminated her on March 28, 2006, following an investigation of allegations that she engaged in an inappropriate relationship with a superior officer and that she disobeyed a lawful order. Gonzalez claims that these allegations and subsequent investigation and termination were pretextual, retaliatory, and involved "selective enforcement of the Guard's fraternization policy."

On August 12, 2006, Gonzalez filed a new complaint in the Superior Court of New Jersey, Law Division, Burlington County against the Guard and Devery. In that complaint, Gonzalez claims retaliation under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq., as well as violations of the New Jersey Constitution and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 et seq. Gonzalez seeks damages for her injuries, as

well as reinstatement and back pay.  On November 2, 2006, each Defendant filed a Notice of Removal to remove this matter to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1442(a)(1). As a result, there are currently two cases pending in this Court in this matter.

On December 1, 2006, Gonzalez filed a motion to remand.[1]  On December 22, 2006, the Guard and Devery opposed the motion to remand, and also moved for summary judgment and consolidation of the two cases.

**II. Discussion**

   **A.   CONSOLIDATION**

   Federal Rule of Civil Procedure 42(a) provides

   When actions involving a common question of law or fact
   are pending before the court, it may order a joint
   hearing or trial of any or all the matters in issue in
   the actions; it may order all the actions consolidated;
   and it may make such orders concerning proceedings
   therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  The Third Circuit stated, "The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999) (citing In re Prudential Sec. Inc. Ltd. P'ships Litig., 158

---

   [1]   Gonzalez only moved for remand of one of the pending cases, Docket Number 06-5254.  The Court assumes Gonzalez moved to remand both pending cases.

F.R.D. 562, 571 (S.D.N.Y.1994)).

In this case, the two complaints are identical, arising from the same set of facts. Consolidation will not prejudice any party, nor will it delay the action. To the contrary, consolidation will streamline the litigation process. Therefore, the Court grants Defendants' motion to consolidate the two cases under docket number 06-5254.

**B.     REMAND**

Plaintiff argues that this case should be remanded to state court because members of the National Guard are state, rather than federal, actors until called into federal service. Alternatively, Plaintiff argues that Defendants cannot raise a colorable federal defense. Defendants counter that removal was proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1) (the "Statute"), and that Defendants have a colorable federal defense.

1.  Federal Officer Removal Statute

As previously noted, the Defendants removed this action to this Court pursuant to the Statute. "To establish removal jurisdiction under the Statute, a defendant . . . must establish that (1) it is a 'person' within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct 'acting under' a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the

4

claims and the conduct performed under color of a federal office." Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998) (citing Mesa v. California, 489 U.S. 121, 129 (1989); Willingham v. Morgan, 395 U.S. 402, 409 (1969)).

      *a.   "Person" Under the Statute*

There is no dispute that Defendant Devery is a "person" as contemplated by the Statute.

      *b.   Defendant Acted Under a Federal Office*

The second prong for removal jurisdiction under the Statute is that the plaintiff's claims are based on the defendant's conduct while the defendant "acted under" a federal office.

Gonzalez alleges, in part, that the Guard retaliated against her for her initial complaint and subsequent settlement by investigating allegedly "inappropriate relationships" with a superior officer. Significantly, Gonzalez alleges that this investigation and its findings were the impetus for her involuntary termination.

Defendants provide evidence that Devery investigated Gonzalez on the orders of Colonel Stephen Hines (Admin. R. at 16.) Colonel Hines is the Chief of Staff of the New Jersey National Guard, and a federal employee of the United States Army (Defs. Ex. 2.) Army Regulation 15-6, promulgated by the Department of the Army, a federal entity, governed this investigation. (Defs. Ex. 3.)

Because Devery initiated and conducted the investigation into Gonzalez's "inappropriate relationships" pursuant to regulations promulgated by a federal entity, and at the direction of a federal employee, the Court finds that Defendants "acted under a federal office." Therefore, the second prong of the Statute is satisfied.[2]

        *c.    Colorable Federal Defense*

The third prong for removal under the Statute is that the defendant must raise a colorable federal defense. The Supreme Court stated, "In construing the colorable federal defense requirement, we . . . reject[] a 'narrow, grudging interpretation' of the statute, recognizing that 'one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.'" Jefferson County, AL v. Acker, 527 U.S. 423, 431 (1999) (quoting

---

[2] Plaintiff does not accurately depict the requirements of this prong of the Statute in her brief supporting remand. Specifically, Plaintiff misconstrues this prong of the Statute as requiring the defendant be a "federal actor." To support her argument, Plaintiff cites Maryland v. United States, 381 U.S. 41 (1965), as demonstrating that, for the purposes of the Federal Tort Claims Act ("FTCA"), a member of the National Guard is a state, rather than federal, employee until called into federal service.

    Congress amended the FTCA in 1981 to extend the protections of the FTCA to members of the National Guard on specific types of orders, thereby classifying the newly designated members as federal employees. Pub. L. No. 97-124. Notably, the FTCA now includes National Guard members on Active Guard/Reserve status under 32 U.S.C. § 502(f), which was Devery's status during the relevant time period.(Defs. Ex. 1.)

Willingham, 395 U.S. at 407). The Court further stated that the defendant need not "virtually . . . win his case before he can have it removed." Id. (quoting Willingham, 395 U.S. at 407).

Defendants in this case argue that Gonzalez's claim for damages is barred by the Feres doctrine, which operates to bar service members from recovering damages for injuries sustained incident to service. See generally Feres v. United States, 340 U.S. 135 (1950). Defendants further argue that the Supreme Court broadened the Feres doctrine to bar suits seeking injuries incident to service founded on the Constitution or other statutes. See e.g., Chappell v. Wallace, 462 U.S. 296 (1983) (holding that, as in Feres, the unique disciplinary structure of military establishment and Congress' activity in the field constitute "special factors" that make it inappropriate to provide enlisted military personnel a Bivens-type remedy against their superior officers for alleged racial discrimination that resulted in low performance evaluations and assignment to undesirable duties). In addition, Defendants argue that the Feres doctrine applies to members of the National Guard. Stencel Aero Engineering Corp. v. United States, 431 U.S. 666 (1977).

The Court finds that Defendants adduced a "colorable federal defense" to satisfy the third prong of the Statute. Gonzalez sues Devery and the Guard for alleged discrimination. The rationales applicable in Feres, Chappell and Stencel Aero are all

relevant to this case.  The Court does not decide the merits of Defendants' defense, but the Court finds that the defenses raise enough of a federal issue that their validity should be evaluated in a federal, rather than state, court.

### d. *Causal Nexus*

To establish the fourth and final prong for removal under the Statute, a defendant must show a causal nexus between the conduct charged in the plaintiff's claims and the acts performed by the defendant at the direction of official federal authority.

As discussed under subsection b, <u>supra</u>, Devery and the Guard adequately demonstrated that Devery investigated the allegations of "inappropriate relationships" between Gonzalez and a superior officer at the direction of Colonel Hines, a federal employee. Moreover, as previously discussed, Devery conducted the investigation in accordance with regulations promulgated by the Department of the Army, a federal entity.

The investigation and its consequences, i.e., Gonzalez's termination, constitute a substantial portion of Gonzalez's claims of retaliation.  Therefore, the Court finds that there is a causal nexus between Defendants' acts performed at the direction of federal authority, and the allegations Gonzalez asserts in her Complaint, thereby satisfying the fourth prong of

the Statute.

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to remand and grants Defendants' motion to consolidate docket numbers 06-5254 and 06-5272 into 06-5254.


Dated: 1/11/2007          s/Robert B. Kugler
                          ROBERT B. KUGLER
                          United States District Judge