NOT FOR PUBLICATION                                    (Docket No. 10)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                                :
MARIA E. GONZALEZ,              :
                                :
            Plaintiff,          :   Civil No. 06-5254 (RBK)
                                :
     v.                         :   Opinion
                                :
NEW JERSEY NATIONAL GUARD AND   :
DENNIS DEVERY                   :
                                :
            Defendants.         :
_____ :
```

**KUGLER**, United States District Judge:

Before the Court is a motion by Defendants Dennis Devery and the New Jersey National Guard for summary judgment on Plaintiff's claim for damages for injuries incident to service, and for dismissal of the remaining claims for injunctive relief. For the reasons provided below, the Court grants Defendants' motions.

I.   **Background**

Plaintiff Maria E. Gonzalez ("Gonzalez") or ("Plaintiff"), a former recruiter for the New Jersey National Guard ("Guard"), initially filed a complaint alleging sexual harassment against the Guard on December 13, 2000. Gonzalez settled this claim against the Guard in November 2002. During the pendency of that complaint, on September 7, 2001, the New Jersey Army National Guard ordered Plaintiff to "full time National Guard duty,"

authorized under 32 U.S.C. § 502(f). (Defs.' Admin. R. 383.) Her status under 32 U.S.C. § 502(f) continued until her termination. (Id. at 348.)

After she settled the initial complaint, Gonzalez alleges the Guard, and her supervisor, Dennis Devery ("Devery"), subjected Gonzalez to various forms of retaliation as a result of her complaint and subsequent settlement.[1] Gonzalez alleges that the retaliation was ongoing, and included an involuntary transfer in late 2003 that resulted in a change of duties, pay and location. Gonzalez further alleges that the Guard transferred her involuntarily a second time into a position that was strictly administrative in nature. Gonzalez alleges that Devery treated her in a hostile manner which was different from the way Devery treated her peers. Finally, Gonzalez alleges the Guard terminated her on March 28, 2006, following an investigation of allegations that she engaged in an inappropriate relationship with a superior officer and that she disobeyed a lawful order. Gonzalez claims that these allegations and subsequent investigation and termination were pretextual, retaliatory, and involved "selective enforcement of the Guard's fraternization policy."

On August 12, 2006, Gonzalez filed a new complaint in the

---

[1] The New Jersey Army National Guard placed Defendant Devery on Active Guard/Reserve status, pursuant to 32 U.S.C. § 502(f), on December 30, 2002.

Superior Court of New Jersey, Law Division, Burlington County against the Guard and Devery.  In that complaint, Gonzalez claims retaliation under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq., as well as violations of the New Jersey Constitution and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 et seq.  Gonzalez seeks damages for her injuries, as well as reinstatement and back pay.  On November 2, 2006, each Defendant filed a Notice of Removal to remove this matter to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1442(a)(1). As a result, there were two cases pending in this Court.

On December 1, 2006, Gonzalez filed a motion to remand.  On December 22, 2006, the Guard and Devery opposed the motion to remand, and also moved for summary judgment on Plaintiff's claim for damages, dismissal of the remaining counts in the complaint, and consolidation of the two cases.  On January 11, 2007, this Court denied Plaintiff's motion to remand and ordered the cases consolidated.  By letter dated January 18, 2007, the parties requested that this Court not decide Defendants' summary judgment motion, pending a decision in a similar case in the United States Court of Appeals for the Third Circuit.

**II.  Summary Judgment**

    **A.  STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions,

3

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under the applicable law. Id. In deciding whether there is a disputed issue of material fact, a court must view the facts and all reasonable inferences in a light most favorable to the nonmoving party. Id. at 250.

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The non-moving party "may not rest upon the mere allegations or denials

4

of" its pleadings and must present more than just "bare assertions, conclusory allegations or suspicions" to establish the existence of a genuine issue of material of fact.  Fed. R. Civ. P. 56(e).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court.  BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**B.   ANALYSIS**

Defendants argue that the Feres doctrine bars Plaintiff's claims for damages for injuries incident to service with the New Jersey National Guard.  Plaintiff counters that the Feres doctrine does not apply because, at all times, she acted as a state employee subject to actions by non-federal officials.

The Feres doctrine operates to bar service members from recovering damages for injuries sustained incident to service. See generally Feres v. United States, 340 U.S. 135 (1950). Defendants further argue that the Supreme Court broadened the Feres doctrine to bar suits seeking injuries incident to service founded on the Constitution or other statutes.  See, e.g., Chappell v. Wallace, 462 U.S. 296 (1983) (holding that, as in

Feres, the unique disciplinary structure of military establishment and Congress's activity in the field constitute "special factors" that make it inappropriate to provide enlisted military personnel a Bivens-type remedy against their superior officers for alleged racial discrimination that resulted in low performance evaluations and assignment to undesirable duties). In addition, Defendants argue that the Feres doctrine applies to members of the National Guard. See Stencel Aero Engineering Corp. v. United States, 431 U.S. 666 (1977).

In Matreale v. New Jersey, No. 06-2051, 2007 WL 1469661 (3d Cir. 2007), the Third Circuit Court of Appeals affirmed a district court's decision that held the Feres doctrine of intra-military immunity barred a suit by a national guardsman against the national guard raising state law claims for damages arising from military service. Id. at *1. Matreale was an officer in the New Jersey National Guard, serving under orders issued pursuant to 32 U.S.C. § 502(f)(1).  Matreale alleged retaliation by his superiors in violation of the NJLAD.  In affirming the district court's grant of summary judgment for the defendant, the Third Circuit found that, "at the time of the conduct in question, Matreale [served] under order issued pursuant to federal law," namely 32 U.S.C. § 502(f). Id. at *4 (emphasis in original).  The Third Circuit further found that "these orders rendered Matreale, at all relevant times, a full time guardsman in the National

6

Guard of the United States serving in accordance with the Active Guard Reserve Program." Id.

Citing Loughney v. United States, 839 F.2d 186 (3d Cir. 1988), the Matreale court stated that the Feres doctrine prohibits suits by national guardsmen on active duty status. Id. at 188. In Loughney, the plaintiff sued under the Federal Tort Claims Act. Id. The Matreale court then reasoned that whether the suit was based in federal or state law was "of no consequence," because like Loughney, the Feres doctrine barred Matreale's state law claims, because state law as well as federal law claims "have the same potential for undermining military discipline." Id. at *5. Accordingly, the Third Circuit affirmed the district court's determination that Matreale and his supervisors, "all of whom [served] under 32 U.S.C. § 502(f) at the relevant time, served in a federal capacity and were federal employees for the purposes of intra-military immunity." Id.

Applying the Third Circuit's rationale in Matreale to the case at bar, it is clear that Feres and its progeny bar Plaintiff's state law claims against Defendant Devery and the Guard.  During the relevant time period, which Plaintiff alleges began when she settled her first complaint in November 2002 until her termination from the Guard in early 2006, both Plaintiff and Defendant Devery served under orders issued pursuant to 32 U.S.C. § 502(f), which, according to the Third Circuit, makes these

parties federal employees for the purposes of intra-military immunity. Moreover, there is no question that the alleged harm Plaintiff complains of arose from, or in the course of activity incident to, her service with the New Jersey National Guard. Therefore, the Court grants Defendants' motion for summary judgment as to Plaintiff's claim for damages.

### III. Motion to Dismiss

#### A. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them, as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle them to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

#### B. ANALYSIS

Plaintiff also requests injunctive relief in the form of reinstatement. Defendants move to dismiss this claim, arguing that it is not justiciable.

Plaintiff seeks relief under the NJLAD, the New Jersey Civil Rights Act, and the New Jersey Constitution. However, federal

regulation compelled Plaintiff's termination, specifically National Guard Regulation (Army Regulation) 600-5, paragraphs 6-5(c)(1), (2) (providing procedures for termination with cause), pursuant to a violation of Army Regulation 600-20, Army Command Policy, part 4, paragraphs 14, 15 (prohibiting inappropriate relationships). These regulations required the Guard, as a part of the United States Military, to terminate Plaintiff. Therefore, this Court cannot provide Plaintiff with the reinstatement she seeks pursuant to New Jersey law, as such action would violate the Supremacy Clause of the United States Constitution.  U.S. CONST. Art. VI, Cl. 2.  Given that the Guard took action pursuant to a federal regulation directly on point in this matter, it appears to the Court that federal regulations preempt the state law under which Plaintiff seeks reinstatement. See C.J. v. Vuinovich, 599 A.2d 548, 553-54 (N.J. Super. App. Div. 1991) (holding that a NJLAD handicap discrimination claim by a discharged member of the National Guard was preempted by federal law).  Accordingly, the Court grants Defendants' motion to dismiss the injunctive component of Plaintiff's complaint.

**III. CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion for summary judgment of Plaintiff's claim for damages. The Court also grants Defendants' motion to dismiss Plaintiff's claim for injunctive relief.

9

Dated: 6/8/2007        s/Robert B. Kugler
                       ROBERT B. KUGLER
                       United States District Judge